UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. MONROE,

      Plaintiff,

   -against-

TOWN OF HAVERSTRAW POLICE OFFICER
SEAN CAMBEL, et al.,

      Defendants.

**ORDER OF SERVICE**

20-CV-10944 (PMH)

PHILIP M. HALPERN, United States District Judge:

  Plaintiff, currently detained at the Rockland County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. By Order dated March 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

**DISCUSSION**

I. Order of Service

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure requires generally that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Sean Cambel and the Town of Haverstraw through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

II.   *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Haverstraw Town Police Department ("HTPD") to identify the two John Doe officers Plaintiff names, that is, the officers who interacted with Plaintiff on November 6, 2020, in Garnerville, New York. It is therefore ordered that the Town of Haverstraw Attorney, who is the attorney for and agent of the HTPD, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant

may be served. The Town Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

The Court will deem the complaint amended once the John Doe officers have been identified. If identified, the Court will issue a subsequent Order of Service directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe officers and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Officer Cambel and the Town of Haverstraw and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and the complaint to the Town of Haverstraw Attorney at: One Rosman Road, Garnerville, New York 10923.

SO ORDERED:

Dated:  White Plains, New York
        March 29, 2021

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Officer Sean Cambel
   Haverstraw Town Police Department
   One Rosman Road
   Garnerville, NY 10923

2. Town of Haverstraw
   One Rosman Road
   Garnerville, NY 10923