UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL J. MONROE,                                              Index No.: 20-CV-10944 (PMH)

                                        Plaintiff,              **PROPOSED**
        -against-                                               **JURY CHARGES**

TOWN OF HAVERSTRAW POLICE OFFICER SEAN
CAMBEL, POLICE OFFICER WILLIAM SANTIAGO,
POLICE OFFICER IAN KAYE, and TOWN OF
HAVERSTRAW,

                                        Defendants.
------------------------------------------------------------------------X

        The parties respectfully submit to this Court the following requests to charge.  Defendants

further reserve the right to supplement or modify these proposed jury charges as needed, as

developments leading up to trial, and during the trial, may create the need for additional requests

for instruction by the defendants.

## **GENERAL REQUESTS**

### Request 1: Evidence

(*See* §103.30 of Federal Jury Practice and Instructions, Fifth Edition 2000)

        Unless you are otherwise instructed, the evidence in the case consists of the sworn

testimony of the witnesses regardless of who called the witness, all exhibits received in evidence

regardless of who may have produced them, and all facts and events that may have been admitted

or stipulated to.

        Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.

What they have said in their opening statement, closing arguments, and at other times is intended

to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides

stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the

stipulation and that fact as proved.

Any evidence to which I have sustained an objection, and evidence that I have ordered to be stricken must be entirely disregarded.

<u>Request 2: Preponderance of the Evidence</u>

(*See* §104.01 of Federal Jury Practice and Instructions, Fifth Edition 2000)

(Added or revised language in *italics*)

Plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claims by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of Plaintiff's claims by a preponderance of the evidence, you should find for the defendant*s.*

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

<u>Request 3: "Direct" and "Circumstantial" Evidence</u>

(*See* §104.05 of Federal Jury Practice and Instructions, Fifth Edition 2000)

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person

who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### Request 4: "Inferences" Defined

(*See* §104.20 of Federal Jury Practice and Instructions, Fifth Edition 2000)

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

### Request 5: Failure to Call Available Witness

(*See* §104.25 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

### Request 6: Failure to Produce Available Evidence

(*See* §104.26 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If a party fails to produce evidence that is under that party's control and reasonably available to that party, and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to that party who could have produced it and did not.

### Request 7: Number of Witnesses

(*See* §104.54 of Federal Jury Practice and Instructions, Fifth Edition 2000)

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

### Request 8: Discrepancies in Testimony

(*See* §105.01 of Federal Jury Practice and Instructions, Fifth Edition 2000)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by the evidence contrary to the testimony.

You should carefully examine all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

5

## Request 9: Impeachment – Inconsistent Statement or Conduct

(*See* §105.04 of Federal Jury Practice and Instructions, Fifth Edition 2000)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time, the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## Request 10: All Available Witnesses or Evidence Need Not be Produced

(*See* §105.11 of Federal Jury Practice and Instructions, Fifth Edition 2000)

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Request 11: Exclude Sympathy

(*See* PJI § 1:27)

In reaching your verdict, you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been

presented to you in this courtroom. You should consider only the evidence - both the testimony and the exhibits - find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter who the verdict helps or hurts.

### **SUBSTANTIVE REQUESTS**

### FEDERAL CLAIMS

### Request 12: Nature of the Action

(*See* §165.01 of Federal Jury Practice and Instructions, Fifth Edition 2000)

(Added or revised language in *italics*)

Plaintiff claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff by the Fourth Amendment of the United States Constitution and by a Federal Statute protecting the civil rights of all persons within the United States.

Specifically, plaintiff alleges that the defendants subjected them to the deprivation of rights and privileges secured and protected by the Constitution and law of the United States, namely the Constitutional right to be free from excessive force against their persons during the course of the arrest and the right to receive medical attention/care. The defendants deny that any of their actions during the time in question violated plaintiff's constitutional rights. The defendants claim that the amount of force used in restraining the plaintiff was reasonable and necessary given the circumstances, and that the defendants did not deny plaintiff medical care at any time following his arrest.

Request 13: Introduction:  42 U.S.C. § 1983 – The Statute

One of the laws to be applied in this case is a federal civil rights law that provides a remedy for individuals who have been deprived of their federal statutory or constitutional rights under color of state law.  Section 1983 of Title 42 of the United States Code, the statute upon which the plaintiff relies for his excessive force claims, provides, in pertinent part, as follows:

> Every person who, under the color of any statute, ordinance, [or] regulation…of any State…, subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action.[1]

Section 1983 does not create any substantive right, but instead serves as the statutory vehicle by which individuals can seek redress in this Court for alleged violations of federal statutory or constitutional rights.[2]

Request 14: Essential Elements of Plaintiff's Claims – Generally

(*See* § 165.20 of Federal Jury Practice and Instructions, Fifth Edition 2000)

(Added or revised language in *italics*)

*To prove a claim under Section 1983*, the burden is upon plaintiff to establish by a preponderance of the evidence, each of the following:

1.  That the defendants acted under the color of state law;

---

[1] *42 U.S.C. §1983*

[2] *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).

2. That the defendants' conduct deprived plaintiff of one or more of their *federal* Constitutional rights, as defined and explained in these instructions, *by using excessive force against plaintiff during the course of plaintiff's arrest*; and

3. That the defendants' acts were the proximate cause of *the injuries and consequent damages* sustained by plaintiff.

### Request 15: First Element: Color of State Law

The first element of plaintiff's claim is that the defendants acted under "color of state law." In other words, the acts complained of occurred when the defendants were acting or purporting to act in the performance of their official duties. None of the parties in this case, dispute that the defendants were acting "under the color of state law," at the time of the incident in question. In other words, this first requirement is satisfied.

### Request 16: Excessive Force-Elements

(*See* § 165.23 of Federal Jury Practice and Instructions, Fifth Edition 2000)

(Added or revised language in *italics*)

Plaintiff claims that he was subjected to an unreasonable use of force in violation of the Fourth Amendment. More specifically, plaintiff claims that, during the course of his arrest, he was subjected to excessive force by *Officer Campbell when he was trying to gain control of plaintiff in the bathroom. Plaintiff also claims that he was subjected to excessive force by the defendants when he was brought to and pushed up against the patrol vehicle, and then pushed into the backseat of the vehicle.*

*To establish a claim for excessive force, plaintiff must show by a preponderance of the evidence that the force used by the officer was, in light of the facts and circumstances confronting*

*the officer, objectively unreasonable under the Fourth Amendment.*[3]  In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effectuate the arrest.  *For example, under New York law, a police officer is justified in using physical force in the course of arresting or attempting to arrest a person, when and to the extent the officer reasonably believes it necessary to effectuate the arrest or prevent escape, or to defend and protect himself or others from harm.*[4] Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case.  *The objective reasonableness inquiry requires careful attention to the facts and circumstances of this particular case, including:*

1. *The severity of the crime for which the officer sought to arrest the plaintiff* [5]*;*

2. *Whether the plaintiff posed an immediate threat to the safety of the officers or others*[6]*;*

3. *Whether the plaintiff actively resisted arrest or attempted to evade arrest by flight* [7]*;*

4. The extent *and nature* of *plaintiff's' claimed injuries* suffered;

5. The need for the application of force;

6. The relationship between the need and the amount of force used; and

---

[3]*Davis v. Rodriquez*, 364 F.3d 424, 431 (2d Cir. 2004).
[4] New York Penal Law §35.30(1)
[5]*Graham v. O'Connor*, 490 U.S. 386, 396 (1989).
[6]*Id.*
[7]*Id.*

    7.   Any efforts made to temper the severity of a forceful response.

Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests.  An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight.  The nature of the reasonableness must allow for the fact that police officers are often forced to make split-second judgments - under circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

The reasonableness inquiry is an objective one.  The question is whether the defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

<u>Request 17: Third Element: Causation – Generally</u>

(*See* §165.50 of Federal Jury Practice and Instructions, Fifth Edition 2000)

(Added or revised language in *italics*)

*The third element that the plaintiff must prove is that the defendants' acts were the proximate cause of any injury sustained by plaintiff.*[8]

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result, or a reasonably probable consequence of the act or omission.

---

[8]*Brown v. Starrett City Associates*, 2011 U.S. Dist. LEXIS 75410, at *6 (E.D.N.Y. 2011).

Plaintiff has the burden of proving each and every element of plaintiff's claims by a preponderance of the evidence. *In order "[t]o recover damages for any injury, plaintiff has the burden of proving… that such injury would not have occurred without the conduct of the defendants."[9]*

### Request 18: Fourth Amendment: Denial of Medical Attention -Elements

(District of Massachusetts Civil Jury Instructions)

*Plaintiff claims that he was denied medical attention by Officer Santiago.* The Due Process Clause of the Fourteenth Amendment requires police officers to take reasonable steps to secure medical care for an injured arrestee. To succeed on this claim, plaintiff must prove each of the following three elements by a preponderance of the evidence:

1. Plaintiff was seriously in need of medical attention;

2. Defendant(s) were aware of the fact that plaintiff was seriously in need of medical attention; and

3. Defendant(s) deliberately failed to provide access to medical personnel or intentionally delayed such access.

In other words, "[a]lthough mere negligent or inadvertent inattention to plaintiff's medical needs does not amount to a violation of his constitutional rights, if you find that the defendants deliberately assumed a posture of indifference to serious medical needs, you must find them liable for a violation of his constitutional rights."[10]

If you find that plaintiff has proved each of these elements by a preponderance of the evidence, then you must decide for plaintiff, and go on to consider the question of damages.

---

[9] *Id.*

[10] Michael Avery et al., POLICE MISCONDUCT, LAW AND LITIGATION § 12:13 (2009) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976).

If, on the other hand, you find that plaintiff has failed to prove any one of these elements by a preponderance of the evidence, then you must decide for defendants, and you will not consider the question of damages.

### Request 19: Denial of Medical Attention – Elements Explained

#### (Case Law Supplied in Footnotes)

A serious medical need is "…one that…is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[11]  A police officer only violates the Constitution if he or she exhibits a "deliberate indifference" to an arrestee's serious medical needs.[12]

### Request 20: Proximate Cause

#### (Case Law Supplied in Footnotes)

"Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained."[13]  As such, a plaintiff can only recover in a Section 1983 action when he or she establishes a causal connection between the acts or omissions of each defendant and any injury or damages suffered as a result of those acts or omissions.[14]  In other words, there must be a causal link between the defendant's illegal act and the plaintiff's injury.[15]

---

[11] *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990).

[12] *Id.*

[13] Topolski v. Cottrell, 2012 U.S. Dist. LEXIS 112018 (N.D.N.Y. 2012).

[14] *Id.*

[15] Deskovic v. City of Peekskill, 673 F.Supp. 2d 154, 161 (S.D.N.Y. 2009).

Proximate cause is defined as a cause "which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred."[16]  The test for proximate cause is whether the defendant's actions or his failure to act were "substantial factor[s] in the sequence of causation and whether the injury is reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions or his failure to act.[17] For example, a defendant may not be held liable under Section 1983, when an intervening force was not reasonably foreseeable, or when the link between the defendant's conduct and the plaintiff's injuries is too remote, tenuous, or speculative.[18]

If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendants.

If you find that the defendant police officer's actions were a substantial factor in causing any injury to plaintiff, you will find for plaintiff on this issue.  If you conclude that the plaintiff's actions were the only substantial factor in bringing about the injury, you will find for the defendants on this issue.

<u>STATE LAW CLAIMS</u>

***Defendants object to and oppose any instruction with respect to the State law claims of assault and battery, as they are duplicative of the Federal charges on excessive force.[19]  In the event that the Court denies this request, the parties submit the following proposed charges:***

---

[16]<u>Noga v. City of Schenectady</u>, 169 F. Supp.2d 83, 89 (N.D.N.Y. 2001).

[17]<u>Id.</u>

[18]<u>See e.g.</u>, <u>Martinez v. California</u>, 444 U.S. 277 (1980); <u>Diana v. Mabis</u>, 2015 U.S. Dist. LEXIS 177459 (N.D.N.Y. 2015) (explaining that even if the defendants' actions are the but for cause of some harm to the plaintiff, the defendants are not responsible for a superseding or intervening cause that breaks the chain of proximate cause).

[19]*See Humphrey v. Landers*, 344 Fed. Appx 686 (2d Cir. 2009) (holding that the plaintiff's substantial rights were not affected when the district court refused to instruct the jury on the state law claim of assault because the standard of proof for both excessive force and the state law claim of assault is the same).

<u>Request 21: Introduction – Supplemental State Law Claims</u>

I have already instructed you on the elements of the Federal Section 1983 claim, which plaintiff must prove by a preponderance of the evidence. In addition to plaintiff's claims under Federal law, they have also raised claims under New York law against the defendants. We call these claims "supplemental State law claims," because they are alleged in addition to Federal constitutional claims. These claims are not for deprivations of Federal constitutional rights, rather they are claims brought under New York State common law tort principles, namely assault and battery.

Some of the elements of plaintiff's assault and battery claims track the elements of the Federal Section 1983 claim. In other words, they have similar elements.

<u>Request 22: Assault</u>

(*See* §3:2 of New York Pattern Jury Instructions, Second Edition 2014)

(Added or revised language in *italics*)

This is an action, by plaintiff, to recover damages for an alleged assault. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result,

he is said to have intended that result.  Further, although he does the act knowing, with substantial certainty, that the result will follow, he is said to have intended that result.

*However, under New York law, a police officer is not liable for assault when his use of physical force is justified.  If you find that the defendants reasonably believed that the plaintiff was resisting arrest or posed a threat to the officers, and that the defendant used no more force than the defendants reasonably believed necessary, you will find that the defendants' use of force was justified and that there was no assault.*

<u>Request 23: Battery</u>

(*See* §3:4 of New York Pattern Jury Instructions, Second Edition 2014)

(Added or revised language in *italics*)

One who seeks to make a lawful arrest or *lawfully detains*[20] someone has the right to use as much force as he reasonably believes necessary in order to prevent escape, make an arrest, or *lawfully detain a person* and can be held liable only if no force was necessary or the forced used was excessive.

*Plaintiff claims that Officer Campbell, while arresting him, committed battery by using unreasonable force without provocation.[21]  Plaintiff also claims that the defendants used unreasonable force without provocation against him when he was outside the patrol vehicle and when he was put in the back of the  patrol vehicle.  Defendants maintain that they used only as much force as they reasonably believed necessary under the circumstances.*

Taking into consideration all of the circumstances existing at the time and place of the incident, if you find that it was not reasonable for the defendants to believe that the plaintiff was

---

[20]*Holland v. Poughkeepsie*, 90 A.D.3d 841 (2d Dep't 2011).
[21] Penal Law §35.30

resisting arrest *or posed a threat to the officers,*[22] then the defendants were not justified in using force at all and you will find that the defendant police officers committed battery. If, however, you find that the defendants reasonably believed that plaintiff was resisting arrest *or posed a threat to the officers,*[23] and that the defendants were justified in using force to the extent that the defendants reasonably believed to be necessary, *you will find that the defendant police officer did not commit a battery.*

In making that decision, you must take into consideration all the circumstances confronting the defendants at the time and place of the incident, including:

1. What the defendant saw and heard;

2. Whether there was assistance available to the defendant;

3. What if anything you find that the defendant had been informed about the plaintiff;

4. What if anything you find that the defendant had been informed concerning the commission of a crime; and

5. *Whether the plaintiff provoked the situation by his own actions.*[24]

The defendants were not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants reasonably believed that the plaintiff was resisting arrest or *posed a threat to the officers,* and that the defendants used no more force than each defendant reasonably believed necessary, you will find that the defendants committed no battery. If you find that a defendant did not reasonably believe that the plaintiff was either resisting arrest or *posed a*

---

[22] *Id.*
[23] *Id.*
[24] *Id.*

*threat to the officer*, or you find that the defendant did not reasonably believe the force used was necessary under the circumstances, you will find that the defendant committed battery.

## Request 24: Proximate Cause

(*See* §2:70 of New York Pattern Jury Instructions, Second Edition 2014)

(Added or revised language in *italics*)

An act or omission is regarded as a cause of an injury or occurrence if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

*If you find that the defendant police officer's actions were a substantial factor in causing any injury to the plaintiff, you will find for the plaintiff on this issue. If you conclude that the plaintiff's actions were the only substantial factor in bringing about the injury, you will find for the defendants on this issue.*

## **DAMAGES**

### Request 25: Cautionary Instruction on Damages

(*See* §2.05(B) – SNETLJI)

If you find that the plaintiff has proved by a preponderance of the evidence all of the elements of plaintiff's claim for relief for the alleged violation of his federal rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.

It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that the plaintiff has established liability on at least one of his Section 1983 claims.

### Request 26: Compensatory and Nominal Damages

(*See* § 165.70 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If you find for plaintiff, you must determine the plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of civil rights proximately and legally caused by one or all of the officers. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damages to the extent you find them proved by a preponderance of the evidence, and no others:

1.    Plaintiff's physical or emotional pain and mental anguish.

If you find for plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

### Request 27: Mitigation of Damages

(*See* §165.72 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If you find that the plaintiff was injured as a result of conduct by the defendants in violation of Section 1983 *or state law*, you must determine whether the plaintiff could have done something

to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that the plaintiff could have lessened or reduced the harm done to the plaintiff and that the plaintiff failed to do so.

Request 28: Avoidance of Double Recovery

(§165.73 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If you find that the defendant police officer violated more than one of the plaintiff's rights, plaintiff is entitled to be compensated only for the injuries that the plaintiff actually suffered.  Thus, if the defendant police officer violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant police officer violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant police officer had violated only one of the plaintiff's rights.

However, if the defendant police officer violated more than one of the plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate the plaintiff for the separate injury plaintiff suffered.

**VERDICT**

Request 29: Duty to Deliberate

(*See* §106.01 of Federal Jury Practice and Instructions, Fifth Edition 2000)

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must decide the case for yourself, but only after an impartial consideration of the evidence in the case

20

with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

<u>Request 30: Communications between the Court and Jury During Jury's Deliberations</u>

(*See* §106.08 of Federal Jury Practice and Instructions, Fifth Edition 2000)

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Dated:  May 11, 2022
        New York, New York


Respectfully submitted,                    Respectfully submitted,


*PRO SE* PLAINTIFF                         MORRIS DUFFY ALONSO FALEY & PITCOFF

Michael J. Monroe

_____                    __*s/ Kenneth E. Pitcoff*_____

Michael J. Monroe                          Kenneth E. Pitcoff
102 East Eckerson                          Morris Duffy Alonso Faley & Pitcoff
Spring Valley, New York 10977              101 Greenwich Street, 22nd Floor
Tel. (845) 682-9157                        New York, New York 10006
mmonroe916@gmail.com                       Tel.: (212) 766-1888
                                           Fax: (212) 766-3252
                                           kpitcoff@mdafny.com


*Pro Se Plaintiff*                         *Attorneys for Defendants*