UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MICHAEL J. MONROE,

                           Plaintiff,

      v.

TOWN OF HAVERSTRAW, OFFICER SEAN
CAMBEL, OFFICER WILLIAM SANTIAGO,
OFFICER IAN KAYE,

                          Defendants.

-----------------------------------------------------------X

**ORDER**

20-CV-10944 (PMH)

PHILIP M. HALPERN, United States District Judge:

       Plaintiff Michael J. Monroe ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against the Town of Haverstraw (the "Town"), Officer Sean Cambel ("Cambel"), Officer William Santiago ("Santiago"), Officer Ian Kaye ("Kaye" and together, "Defendants"), alleging violations of his constitutional rights under 42 U.S.C. § 1983 in connection with his arrest on November 6, 2020. (Doc. 1). Pending before the Court is Defendants' motion i*n limine* to admit evidence of certain of Plaintiff's prior convictions at trial pursuant to Federal Rules of Evidence 403, 404, and 609. (Doc. 56; Doc. 57; Doc. 58, "Defs.' Br."). For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

       Plaintiff alleges that on November 6, 2020, Defendants Cambel, Santiago, and Kaye responded to a domestic disturbance report involving Plaintiff at the residence of Jessica Locke. (Doc. 1, "Compl." at 4). Plaintiff alleges that, during this domestic disturbance call, Defendants used excessive force to effect his arrest, including by slamming him into a bathroom sink, stomping on his foot, and throwing him into a police vehicle and causing him to hit his head. (*Id.* at 4-7). Following his arrest, Plaintiff was transported to the Haverstraw Police Department

and then to Rockland County Jail. (*Id.* at 5-6). Plaintiff alleges that Defendants showed deliberate indifference to his medical needs because he was not able to see a doctor the next day. (*Id.* at 6).

Defendants seek to admit into evidence six of Plaintiff's prior convictions: (1) on January 7, 2020 for criminal contempt in the second degree for disobeying an Order of Protection in favor of Ms. Locke; (2) on January 7, 2020 that covered (a) unlawful imprisonment in the second degree, (b) criminal obstruction of breathing or blood circulation, and (c) harassment in the second degree, all of which involved Ms. Locke; (3) on July 21, 2016 for attempted assault in the second degree for intent to cause physical injury with a weapon/instrument; (4) on March 21, 2016 for criminal possession of stolen property in the fourth degree for possession of a credit card; (5) on August 7, 2014 for possession of a forged instrument in the third degree; (6) on August 1, 2008 for attempted forgery in the second degree regarding a deed, will, codicil, contract, credit card, etc. (Defs.' Br. at 1-5). Defendants argue that the first through third of those convictions should be admitted pursuant to Federal Rule of Evidence 404(b)(2) on the grounds they show Plaintiff's "intent and/or motive to resist arrest." (*Id.* at 1). Defendants argue that (felony) convictions three and four are admissible under Rule 609(a)(1) as impeachment evidence because they are "sufficiently related to [Plaintiff's] veracity." (*Id.* at 3). Finally, Defendants argue that convictions five and six are admissible under Rule 609(a)(2) as impeachment evidence because the underlying crimes involve dishonesty or false statements. (*Id.* at 4).

## STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181

(S.D.N.Y. 2001). "Courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate context." *Gogol v. City of New York*, No. 15-CV-05703, 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018) (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F.Supp. 276, 283 (S.D.N.Y. 1996)). A court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

## ANALYSIS

I.    Admissibility of Prior Convictions Under Rule 404(b)

Defendants contend that Plaintiff's prior convictions for (1) criminal contempt in the second degree for disobeying an Order of Protection; (2) unlawful imprisonment in the second degree, criminal obstruction of breathing or blood circulation, and harassment in the second degree; and (3) attempted assault in the second degree for intent to cause physical injury with a weapon/instrument should be admitted pursuant to Rule 404(b)(2) "as proof of [P]laintiff's intent and/or motive to resist arrest." (Defs.' Br. at 1). Defendants argue that these prior convictions establish that, on the night at issue in this litigation, Plaintiff "had the intent and/or the motive to avoid capture and resist arrest." (*Id.*).

Under Rule 404, "[e]vidence of a person's character or a trait of character is *not* admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a) (emphasis added). Rule 404(b), however, permits such evidence to be offered for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b); *see also United States v. McCallum*, 584 F.3d 471, 474-75 (2d Cir. 2009). The Court retains discretion, however, to exclude evidence

that is more prejudicial than it is probative, under Rule 403, even if it would otherwise be admissible under Rule 404(b). *See United States v. Quinones*, 511 F.3d 289, 308-11 (2d Cir. 2007).

Prior convictions are inadmissible under Rule 404(b) to show intent or motive to resist arrest unless Defendants demonstrate "specific information in plaintiff's criminal record evincing an intent or motive to resist arrest, ***such as an outstanding warrant at the time of the incident in question***." *Hartman v. Snelders*, No. 04-CV-01784, 2010 WL 11626508, at *8 (E.D.N.Y. Jan. 28, 2010); *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997) (holding that an outstanding parole warrant is admissible to show plaintiff's intent to resist arrest). Here, Defendants do not argue that Plaintiff had an outstanding warrant at the time of his November 6, 2020 arrest, nor does their motion demonstrate specific information in Plaintiff's record evincing an intent or motive to resist arrest. Thus, the first through third convictions are inadmissible under Rule 404(b).

In any event, whether Plaintiff had a motive to resist arrest is not relevant to any claim or defense raised in this lawsuit. This issue at hand is whether *Defendants* used excessive force. While the fact of Plaintiff's resistance during the arrest may be relevant to that question, his motivation for that conduct is not relevant. Even if Plaintiff had a motive to and was in fact resisting arrest, Defendants would still not be entitled to use excessive force.

Therefore, Defendants' request to admit Plaintiff's prior convictions for (1) criminal contempt in the second degree for disobeying an Order of Protection; (2) unlawful imprisonment in the second degree, criminal obstruction of breathing or blood circulation, and harassment in the second degree; and (3) attempted assault in the second degree for intent to cause physical injury with a weapon/instrument to prove Plaintiff's motive to resist arrest is DENIED.

II.    Admissibility of Prior Convictions Under Rule 609(a)(1)

Next, Defendants seek to admit Plaintiff's prior convictions for (1) attempted assault in the second degree for intent to cause physical injury with a weapon/instrument and (2) criminal possession of stolen property in the fourth degree for possession of a credit card pursuant to Rule 609(a)(1). (Defs.' Br. at 3). Defendants contend that for each of these prior felony convictions, Plaintiff was sentenced to imprisonment for a term of more than one year and that "plaintiff's designation as a convicted felon is sufficiently related to his veracity." (*Id.* at 4).

"Under [Rule] 609(a)(1), the admissibility of the prior convictions is subject to the balancing test required by [Rule] 403." *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011). As instructed by the Second Circuit in *United States v. Estrada*, trial judges must "undertake an individualized balancing analysis under Rule 609(a)(1) before excluding evidence of the statutory name of a witness's crime . . . [and] the balancing requirement . . . presumes that some details of a witness's felony convictions will be considered." 430 F.3d 606, 616 (2d Cir. 2005). Additionally, "District [C]ourts, in applying Rule 609(a)(1), are thus required to examine which of a witness's crimes have elements relevant to veracity and honesty and which do not." *Id.* at 617. The Circuit has adopted a "rule of thumb" that crimes that reflect on a person's integrity – such as those involving deceit, fraud and theft – bear on honesty, while those involving acts of violence – which may be impulsive – are less likely to do so. *Id.* at 617–18; *see also Ramsay-Nobles v. Keyser*, No. 16-CV-05778, 2020 WL 359901, at *3 (S.D.N.Y. Jan. 22, 2020). The Court will undertake an individualized balancing of the convictions Defendants seek to admit under Rule 609(a)(1). .

A.    *Attempted Assault in the Second Degree.*

The Second Circuit has repeatedly held that crimes of violence generally do not rest on dishonest conduct that relates to a witness's credibility. *See, e.g., United States v. Walker*, 974 F.3d

193, 207 (2d Cir. 2020) (upholding trial court's preclusion of inquiry into prior domestic violence claims as irrelevant to witness credibility); *Estrada*, 430 F.3d at 618 ("convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not"). Assault in the second degree is plainly a crime of violence, and Defendants do not suggest that Plaintiff's prior conviction for attempted assault involved the use of dishonesty or false statements such that it would be relevant in assessing Plaintiff's credibility. As such, Defendants' request to admit Plaintiff's prior conviction for attempted assault in the second degree is DENIED.

### B.   *Criminal Possession of Stolen Property.*

"[T]heft crimes, and other crimes involving stealth, [] bear on a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 621. Mere possession of stolen property may or may not involve theft, and Defendants have provided no particulars about this crime that would enable the Court to determine if this prior conviction bears on Plaintiff's propensity to testify truthfully. Ruling on the admissibility of Plaintiff's prior conviction for criminal possession of stolen property is therefore DENIED without prejudice to renewal should the facts established at trial warrant it.

### III.   Admissibility of Prior Convictions Under Rule 609(a)(2)

Finally, Defendants seek to admit Plaintiff's prior convictions for (1) possession of a forged instrument in the third degree and (2) attempted forgery in the second degree regarding a deed, will, codicil, contract, credit card, etc., pursuant to Rule 609(a)(2). (Defs.' Br. at 4). Pursuant to Rule 609(a)(2), "evidence of convictions for crimes involving dishonesty or false statement, whether felonies or misdemeanors, *must* be admitted under Rule 609(a)(2) as being *per se* probative of credibility." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) (internal quotation marks omitted) (emphasis in original). Crimes that come under Rule 609(a)(2) are "automatically admissible" for impeachment purposes as they bear on a witness's propensity to

testify truthfully. *Estrada*, 430 F.3d at 615; *see also United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1997) ("[E]vidence of conviction of a certain type of crime—one involving 'dishonesty or false statement'—must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendant.").

Under New York Penal Law § 170.20, a person is guilty of possession of a forged instrument in the third degree when, "with knowledge that it is forged and with intent to defraud, deceive or injure another, he or she utters or possesses a forged instrument." Under New York Penal Law § 170.10, a person is guilty of forgery in the second degree when, "with intent to defraud, deceive or injure another, he or she falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed." Both possession of a forged instrument and attempted forgery involve dishonesty or false statements. *See e.g.*, *Boykin v. W. Express, Inc.*, No. 12-CV-07428, 2016 WL 8710481, at *7 (S.D.N.Y. Feb. 5, 2016) (finding it "clear that Plaintiff's prior conviction [for possession of a forged instrument] is for a crime involving dishonesty").

Therefore, Defendants' request to admit Plaintiff's prior convictions for (1) possession of a forged instrument in the third degree and (2) attempted forgery in the second degree regarding a deed, will, codicil, contract, credit card, etc., pursuant to Rule 609(a)(2) is GRANTED.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion *in limine* is GRANTED IN PART and DENIED IN PART. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 56.

**SO ORDERED.**

Dated: White Plains, New York
      November 7, 2022

_____
Philip M. Halpern
United States District Judge